```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,                              :
                                                       :           MEMORANDUM AND ORDER
            -against-                                  :              24-cr-197 (DLI)
                                                       :
SERGIO DUARTE,                                         :
                                                       :
                        Defendant.                     :
-------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

Defendant Sergio Duarte ("Defendant") is charged with conspiracy to defraud the United States in violation of 18 U.S.C. §§ 371 and 3551 *et seq*. *See*, Indictment, Dkt. Entry No. 1. Defendant moved to suppress drafts of amended, unsigned Employer's Quarterly Federal Tax Returns, or 941 tax forms, that his attorney submitted to the Internal Revenue Service's ("IRS") Criminal Investigation Division ("CID") on his behalf. *See*, Mot. Suppress ("Mot."), Dkt. Entry No. 17. The Government opposed the motion. *See*, Gov't Opp'n Br. ("Opp'n"), Dkt. Entry No. 19. Defendant replied. *See*, Reply Br., Dkt. Entry No. 21.

A suppression hearing was held on April 10, 2025.[1] At the hearing, the Government presented testimony from Special Agent Henry McCabe from the IRS CID, which has "administrative authority to investigate criminal violations of the Internal Revenue Code." Tr. at 6:4-7; 7:16-21. The Court finds Special Agent McCabe credible. The defense did not call any witnesses in support of the motion, and principally relied on a declaration submitted by Mr. Vincent Gelardi, the attorney who represented Defendant during the IRS investigation. *See*, Gelardi Decl., Dkt. Entry No. 17-1.

For the reasons set forth below, Defendant's motion is denied.

---

[1] "Tr." refers to the transcript of the April 10, 2025 suppression hearing.

## BACKGROUND

In 2019, the IRS CID initiated an investigation into the check cashing activity of Defendant's contracting businesses, Maya Contracting and Nova Contractors. Tr. at 12:16-24. On December 19, 2019, Defendant voluntarily met with Special Agent McCabe and Special Agent Grace Soto, also from IRS CID, to discuss his businesses and payroll. Mot. at 2. Special Agent McCabe testified that he is not a lawyer and never has worked in the legal field. Tr. at 6:6-11. The IRS CID's primary role is to investigate tax violations and recommend administrative investigations for criminal prosecution as well as charges. *Id.*; *id.* at 8:16-24. Special Agent McCabe testified that employees of the IRS CID cannot authorize or enter into plea negotiations, nor conduct proffers. *Id.* at 9:3-13.

Defendant retained Mr. Gelardi, a "lawyer experienced in state and federal criminal law," to represent him as the investigation continued. Mot. at 2; *See also*, Gelardi Decl. ¶¶ 1-2. The IRS allegedly represented to Defendant and Mr. Gelardi that it believed Defendant was responsible for "significant" tax loss and "would likely be charged with tax crimes." Mot. at 2; Gelardi Decl. ¶ 4. However, Mr. Gelardi determined that the IRS "overestimated [Defendant's] income and tax obligations" and "advised [Defendant] to consult a Certified Public Accountant to prepare amended tax returns for his businesses," which Defendant did. Gelardi Decl. ¶ 5; *See also*, Mot. at 2.

On March 12, 2020, Special Agent McCabe served an administrative summons on Defendant requesting corporate records for Defendant's businesses. Mot., Ex. B, Summons at 3; Tr. at 18:9-19. Special Agent McCabe met with Mr. Gelardi in September 2020 and again in February 2021, with Defendant's accountant, Mr. Rocco Caputo, present. *Id.* at 18:21-19:17. At the second meeting, Special Agent McCabe suggested that Defendant prepare amended 941 tax

forms, or quarterly payroll tax returns, to assist in the determination of tax loss to the government. *Id.* Between July and September 2021, Mr. Gelardi and Mr. Caputo sent Special Agent McCabe amended 941 tax forms for all quarters between 2013 and 2019 (collectively, the "Amended Forms"). Opp'n, Ex. 1, Email Correspondence, Dkt. Entry No. 20-2. The Amended Forms neither were signed by Defendant nor filed with the IRS. Mot. at 3.

In or about November 2021, Special Agent McCabe prepared a Special Agent Report ("SAR") summarizing the investigation and recommending prosecution of Defendant for criminal tax charges. Tr. at 25:19-22. Special Agent McCabe testified that all SARs and recommended criminal charges must be approved by the IRS's in-house tax counsel and the Department of Justice ("DOJ") Tax Division before a prosecutor can be assigned to an investigation. *Id.* at 8:19-10:23. He further testified that special agents are "required to recommend the highest charges" that the facts support and may not reduce charges if the investigation's subject offers to cooperate.[2] *Id.* 11:2-14. The SAR prepared by Special Agent McCabe was sent to the Acting Assistant Attorney General of the DOJ Tax Division for review and approval. *Id.* at 12:25-13:2; 23:17-24:4. Defendant was indicted on May 13, 2024. *See*, Indictment.

Defendant moves to suppress the Amended Forms, contending that they were proffered during plea negotiations and, thus, are inadmissible pursuant to Federal Rule of Evidence ("FRE") 410(a)(4) and Federal Rules of Criminal Procedure ("FRCrimP") 11(f) and 12(b)(3)(C). Mot. at 3. The Government counters that the Amended Forms are admissible because they were prepared and submitted before a prosecutor was assigned to the case, and not during plea negotiations.

---

[2] Special Agent McCabe testified that IRS CID special agents write a "Discontinue Report" when an investigation does not uncover facts to support a tax crime. Tr. at 11:15-23. He further testified that special agents cannot elect to prepare a Discontinue Report merely because an investigation's subject cooperates during the investigation or because the subject provided special agents with evidence indicating that the government's tax loss was lower than the special agent expected. *Id.* at 11:21-12:2.

3

Opp'n at 4. Defendant concedes that the Amended Forms were submitted before the involvement of a prosecutor, but maintains that Defendant prepared the Amended Forms based on an understanding that he was negotiating a plea deal and that IRS Special Agents serve a role akin to prosecutors. *Id.* at 2. For the reasons set forth below, the Court finds that the Amended Forms were not submitted as part of plea negotiations or a plea deal. Accordingly, Defendant's motion to suppress evidence is denied.

## LEGAL STANDARD AND DISCUSSION

FRE 410 governs the admissibility of pleas, plea discussions, and related statements. Specifically, FRE 410(a)(4) provides that evidence of "a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea" is inadmissible against the defendant who made the plea or participated in the plea discussions. Fed. R. Evid. 410(a)(4). This evidentiary rule is incorporated by FRCrimP 11(f), which states that "[t]he admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410." Fed. R. Crim. P. 11(f). These rules "cover statements by defense counsel regarding defendant's incriminating admissions to him." Fed. R. Crim. P. 11 Advisory Committee Note to 1979 Amendment. The purpose of FRE 410 is to "promote plea negotiations by permitting defendants to talk to prosecutors without sacrificing their ability to defend themselves if no disposition agreement is reached." *United States v. Barrow*, 400 F.3d 109, 116 (2d Cir. 2005) (citation omitted). "Because [FRE] 410 is an exception to the general principle that all relevant evidence is admissible at trial, its limitations are not to be read broadly." *Id.* (citation and quotation marks omitted).

Defendant's motion to suppress turns on whether the Amended Forms were submitted

4

during plea negotiations. Defendant urges the Court to find that the "long negotiations over tax loss" between Special Agent McCabe and Mr. Gelardi were "sufficiently close to formal plea negotiations." Tr. at 50:7-54:17. He argues that Special Agent McCabe acted as a pseudo-prosecutor because he was responsible for determining the government's tax loss, which is relevant to sentencing and typically discussed with a prosecutor after the indictment. *Id.* Defendant also contends that no *per se* rule requires the presence of an attorney for a discussion to qualify as a plea negotiation. *Id.*; Mot. at 7-8 (citing *United States v. Bridges,* 46 F. Supp.2d 462, 464 (E.D. VA 1999); *United States v. Harris*, 657 F. Supp.2d 1267 (N.D. FL 2009)). The Government counters that Special Agent McCabe did not enter into negotiations of any kind with Defendant or Mr. Gelardi, and would have lacked the authority to do so. Tr. at 55:2-56:13; Opp'n at 6-7. Moreover, it argues that pursuant to the explicit language of FRE 410 and Second Circuit precedent, an attorney must participate in a discussion for it to be deemed a plea negotiation. Tr. at 55:20-56:6; Opp'n at 6-7.

"Whether a party is engaged in plea discussions is a factual question that must be determined on a case-by-case basis." *United States v. Serna*, 799 F.2d 842, 849 (2d Cir. 1986), *cert. denied*, 481 U.S. 1013 (1987), *overruled on other grounds by United States v. DiNapoli*, 8 F.3d 909 (2d Cir. 1993) (*en banc*). Although not explicitly adopted by the Second Circuit, the two-tiered test established by the Fifth Circuit Court of Appeals in *United States v. Robertson*, 582 F.2d 1356, 1366-67 (5th Cir. 1978) commonly is used to determine whether a discussion qualifies as a plea negotiation. *See*, *United States v. Galestro*, 2008 WL 2783360, at *21 (E.D.N.Y. Jul. 15, 2008) (collecting cases); *United States v. Riedman*, 2014 WL 713552, at *19 (W.D.N.Y. Feb. 18, 2014). Pursuant to that test, the Court must consider: "(1) whether the defendant exhibited an actual subjective expectation to negotiate a plea at the time of the discussion[;] and (2) whether

5

the defendant's expectation was reasonable given the totality of the objective circumstances." *Galestro*, 2008 WL 2783360, at *21 (citing *Robertson*, 582 F.2d at 1366).

There is conflicting evidence as to whether Defendant and his counsel subjectively believed that they were engaging in plea negotiations. Mr. Gelardi states in his declaration that he "shared the draft [A]mended [Forms] with Special Agent McCabe . . . for the purpose of lowering the projected loss amount claimed by the government as part of a potential resolution of tax fraud charges and to highlight [Defendant's] willingness to accept responsibility," and he "communicated as much to Special Agent McCabe." Gelardi Decl. ¶ 6. However, Special Agent McCabe testified that Mr. Gelardi and Mr. Caputo never represented that Defendant wanted to plead guilty or sit for a proffer, nor did they indicate that the Amended Forms were provided for the purposes of plea negotiations. Tr. at 17:4-9; 24:3-20; *See also*, Opp'n at 6-7; Opp'n, Ex. 1 (email from Mr. Caputo to Special Agent McCabe attaching the Amended Forms and containing no mention of a potential plea). Special Agent McCabe also testified that he did not represent to Mr. Gelardi, Defendant, or Mr. Caputo that he had the authority engage in plea negotiations. *See*, Tr. at 9:3-13; 17:4-20; 21:1-6; 24:10-20.

The Second Circuit has made clear that the accused, or his counsel, must "make manifest his intention to seek a plea bargain." *United States v. Levy*, 578 F.2d 896, 901 (2d Cir. 1978). As to whether Defendant or his tax counsel made clear Defendant's intention to plea bargain, the Court "affords greater weight to the live testimony from the witness presented at the hearing and subjected to cross-examination" than to Mr. Gelardi's declaration. *United States v. Osman*, 2024 WL 579716, at *6 (E.D.N.Y. 2024); *See also*, *U.S. v. Simmons*, 763 F.2d 529, 531-32 (2d Cir.1985) (finding that "[i]t would not have been improper for [the district court judge] to refuse to credit appellant's self-serving statement[s]" in his affidavit, upon which the Defense principally relied).

6

Unlike Special Agent McCabe, Mr. Gelardi's statements in his declaration were not subject to cross-examination or further elaboration as he did not testify.  Nevertheless, the Court need not determine Defendant's subjective beliefs because it finds that that Defendant's expectation that he was engaged in plea negotiations with Special Agent McCabe was unreasonable given the totality of the objective circumstances.

While the precise issue presented here has not been addressed squarely by the Second Circuit, it has held that FRE 410 and FRCP 11 require the "participation of a Government attorney in [a] plea discussion," even if that attorney is not "physically presen[t] when [the] particular statement is made."  *Serna*, 799 F.2d at 849 (emphasis removed); *See also*, *United States v. Stern*, 313 F. Supp.2d 155, 167 (S.D.N.Y. 2003) ("[FRE] 410 was amended specifically to make clear that its exclusionary rule 'appl[ies] only to statements made to prosecuting attorneys,' not to agents.") (quoting *United States v. Lawson*, 683 F.2d 688, 691 (2d Cir. 1982)).  Here, Defendant reasonably could not have expected to be engaged in plea negotiations based on the totality of the objective circumstances because the exchange of information between Special Agent McCabe and Mr. Gelardi occurred well before any prosecuting attorney was involved in the investigation.  *See*, Tr. at 6:8-11; Opp'n at 6; *See also*, *United States v. Gomez*, 705 F.3d 68, 78 (2d Cir. 2013) (finding a conversation between a defendant and a U.S. Immigration and Customs Enforcement ("ICE") agent was not a plea discussion because "there was no evidence that [the agent] was an attorney" even "assuming *arguendo* that [ICE was] the 'prosecuting authority'").  Notably, the court in *Stern* found that a defendant's conversations with agents of the Federal Bureau of Investigations were not plea negotiations even though the defendant was in direct contact, albeit "innocuous and inconsequential" contact, with the prosecutor assigned to his case at the time of discussions.  313 F. Supp at 168.

7

Here, it is undisputed that: (1) there was no prosecutor involved with the investigation when the Amended Forms were submitted to the IRS; and (2) Special Agent McCabe is not an attorney. *See*, Tr. at 6:8-11; 13:3-10; 22:17-19; Mot. at 6-7. Significantly, Special Agent McCabe testified that he had no actual authority to participate in plea negotiations, nor did he represent that he could do so to Mr. Gelardi, Defendant or Mr. Caputo. *See*, Tr. at 9:3-25; 17:10-20; 21:1-6; 24:3-20. In fact, there is no evidence that Mr. Gelardi ever met with any adversarial attorneys, including from IRS's in-house Legal Department and the DOJ Tax Department. Therefore, the discussions between Special Agent McCabe, Defendant, Mr. Gelardi, and Mr. Caputo do not constitute plea negotiations.

Defendant also contends that Special Agent McCabe's role in the investigation is sufficiently "akin to that of an attorney" because: (1) special agents prepare SARs, which summarize and recommend criminal charges; and (2) the Government previously has sought to protect SARs as attorney work product. Mot. at 9-11 (citing *Shacket v. United States*, 339 F. Supp.2d 1092, 1094 (S.D. CA. 2004); *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 169 F. Supp.3d 54, 58 (D.C. 2015), *aff'd sub nom. United States v. All Assets Held at Bank Julius*, 2016 WL 11609892 (D.C. Jan. 12, 2016)). This argument is unavailing. The role of IRS Special Agents is limited to gathering facts and recommending charges. *See*, Tr. at 7:12-21. Unlike attorneys, they cannot press charges, argue cases, hold proffers, or open or participate in plea negotiations. *See*, Tr. at 9:3-20. After completing their investigation, they are required to recommend the highest charges applicable based on the facts discovered and have no discretion with respect to charging recommendations, regardless of whether the subject has cooperated or offered to cooperate. *See*, Tr. at 10:6-11:14. SARs must be approved by in-house tax counsel and the DOJ Tax Division before a prosecutor even is assigned to the case. *See*, Tr. at 9:21-10:20.

The out-of-circuit cases cited by Defendant neither are binding nor persuasive. In those cases, the courts distinguished the IRS agents who prepared SARs during tax investigations from the prosecuting attorneys. *See*, *Shacket*, 339 F. Supp.2d at 1095-96; *All Assets Held at Bank Julius Baer & Co., Ltd.*, 169 F. Supp.3d at 58-59. The courts protected the SARs as work product because the reports revealed factors considered by the *prosecuting attorneys* in deciding whether and what charges to bring against the investigation's subject, not because the IRS special agents themselves held a role like that of prosecutors. *Shacket*, 339 F. Supp.2d at 1095-96; *All Assets Held at Bank Julius Baer & Co., Ltd.*, 169 F. Supp.3d at 58-59. Based on the totality of the circumstances, the Court finds that Special Agent McCabe cannot be considered an "attorney" for purposes of FRE 410 and FRCrimP 11. Accordingly, the Court concludes that the parties were not engaged in plea negotiations when Mr. Gelardi submitted the Amended Forms to Special Agent McCabe, and the Amended Forms are not admissible.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion is denied in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
       May 14, 2025

/s/
DORA L. IRIZARRY
United States District Judge

9